IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID S. and S.S., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' SHORT FORM MOTION TO COMPEL (DOC. NO. 46)** <br><br> Case No. 2:18-cv-00803-RJS-DAO <br><br> Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

In this case, the Plaintiffs David S. and S.S. (together, the "S. Plaintiffs") allege two causes of action against Defendant United Healthcare Insurance Company ("UHC") arising out of its failure to pay for treatment S.S. received at two residential treatment programs. The first claim is for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et. seq.*, ("ERISA"), and the second claim alleges a violation of the Mental Health Parity and Addiction Equity Act of 2008, codified at 29 U.S.C. § 1185a(a)(3)(A)(ii) and enforced through 29 U.S.C. § 1132(a)(3) ("Parity Act"). (Compl. ¶¶ 59–71, Doc. No. 2.)

Before the court is a Short Form Motion to Compel (Doc No. 46) filed by the S. Plaintiffs, asking the court to order UHC to respond to discovery requests relating to the Parity Act claim. UHC objected to the discovery requests, arguing discovery should be limited to the production of the administrative record where the S. Plaintiffs' principal claim, the recovery of benefits under ERISA, offers them a complete remedy. UHC also objected to the scope, relevance, and proportionality of specific requests. The court ordered supplemental briefing on

1

the short form motion, (Doc. No. 50), and held a hearing on September 14, 2020, (Doc. No. 61). Having reviewed the arguments of the parties in their briefing and at the hearing, the court GRANTS the motion to compel for the reasons set forth below.

## BACKGROUND

David S. is S.S.'s father. (Compl. ¶ 1, Doc. No. 2.) During the treatment period, UHC was the insurer and claims administrator for the insurance plan ("the Plan") covering David S. and S.S. (*Id.* ¶ 2.) The Plan is a fully-insured employee welfare benefits plan under ERISA. (*Id.* ¶ 3.) David S. was a participant in the Plan while S.S. was a beneficiary. (*Id.*)

S.S. received treatment for mental health and substance abuse conditions at both the Catalyst Residential Treatment Center and Open Sky Wilderness Therapy between July 15, 2015 and February 28, 2017. (*Id.* ¶¶ 4, 15, 31, 45–46, 48.) UHC denied coverage for S.S.'s treatment in both programs. (*Id.* ¶ 5.) The S. Plaintiffs filed suit against UHC, asserting a claim for recovery of benefits under ERISA. (*Id.* ¶¶ 59–62.) In addition, the S. Plaintiffs asserted a second claim for violations of the Parity Act, alleging UHC provided less coverage for S.S.'s mental health and substance abuse treatment than it would have provided for analogous treatment for medical or surgical patients. (*Id.* ¶¶ 63–71.)

UHC moved to dismiss the S. Plaintiffs' Parity Act claim. (Def.'s Mot. to Dismiss Pls.' Compl. with Prejudice, Doc. No. 5.) The district judge denied the motion as to David S. and S.S.,[1] finding they stated a plausible claim for an as-applied violation of the Parity Act. (Mem. Dec. and Order 9–10, Doc. No. 29.)

---

[1] The district judge dismissed the claim by Plaintiff Veronica S. for lack of standing. (Mem. Dec. and Order 11, Doc. No. 29.)

The S. Plaintiffs then served discovery requests to UHC related to their Parity Act claim. (Ex. A to Pls.' Short Form Disc. Mot. to Compel ("Mot."), Disc. Reqs., Doc. No. 46-1.) In response, UHC objected to all the requests on the basis that discovery in this case should be limited to the administrative record, as it is for ERISA claims. UHC also objected to the relevance and scope of individual requests. (Ex. B to Mot., Disc. Resps., Doc. No. 46-2.) UHC did not produce any documents outside of the administrative record in response the discovery requests. (*See id.* at 4–10; Pls.' Suppl. Briefing in Support of Mot. ("Pls.' Suppl. Br.") 9, Doc. No. 51.) The S. Plaintiffs ask the court to compel UHC to provide complete responses to their discovery requests. (Mot. 1, Doc. No. 46.)

## DISCUSSION

The court first addresses UHC's objection to allowing extra-record discovery on the Parity Act claim, then turns to UHC's objections to the relevance and proportionality of the S. Plaintiffs' requests.

### A. Objection to Extra-Record Discovery

UHC argues the S. Plaintiffs' Parity Act claim is just a repackaged ERISA claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and, as such, discovery should be limited to the administrative record. (Def.'s Suppl. Br. in Further Resp. to Mot. ("Def.'s Suppl. Br.") 2–6, Doc. No. 53.) The S. Plaintiffs contend they should be permitted to pursue extra-record discovery on the Parity Act claim because it is separate from the ERISA claim and discovery is necessary to prove an "as applied" violation of the Parity Act. (Pls.' Suppl. Br. 2–7, Doc. No. 51.) For the reasons set forth below, the court permits extra-record discovery on the Parity Act claim.

### 1. The Parity Act Claim is Distinct from the ERISA Claim

First, the court finds the S. Plaintiffs' Parity Act claim to be legally and factually distinct from the ERISA claim. The allegations that UHC violated the Parity Act are enforceable through a cause of action under a distinct provision of ERISA—29 U.S.C. § 1132(a)(3). This cause of action alleges a statutory violation of ERISA itself; it does not arise from an alleged violation of rights under an ERISA plan. *See Joseph & Gail F. v. Sinclair Servs. Co.*, 158 F. Supp. 3d 1239, 1259 n.118 (D. Utah 2016) (explaining that the Parity Act is an "amendment to ERISA, making it enforceable through a cause of action under 29 U.S.C. § 1132(a)(3) as a violation" of ERISA's statutory provisions). "Section 502(a)(3) actions are to enforce rights not arising under ERISA plans, but rather arising from ERISA itself. Therefore, a finding that claims arise from ERISA § 502(a)(3) reverts discovery into the traditional realm and is governed under traditional federal, circuit, and local procedure." *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1355–56 (D. Wyo. 2007).

The S. Plaintiffs' claims are factually distinct as well. In their first cause of action, the S. Plaintiffs allege UHC violated ERISA and the terms of the Plan by failing to provide coverage for S.S.'s treatment and failing to provide a full and fair review of S.S.'s claims. (Compl. ¶¶ 61–62, Doc. No. 2.) In their second cause of action for violation of the Parity Act, the S. Plaintiffs allege UHC differently evaluates the medical necessity of treatment at mental health, behavioral, and substance abuse programs like Open Sky and Catalyst as compared to analogous medical/surgical facilities such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities. (*Id.* ¶¶ 67–68.) The S. Plaintiffs also seek equitable relief as a remedy unique to their Parity Act claim. (*Id.* ¶ 71.) Rule 8 of the Federal Rules of Civil Procedure allows for this type of alternative pleading. Fed. R. Civ. P. 8(d).

Because the Parity Act claim is distinct from the ERISA claim, the discovery limitations applicable to ERISA claims do not apply to the Parity Act claim. In this district, time and again, judges have found the discovery limitations applicable to ERISA claims brought under § 1132(a)(1)(B) do not apply to distinct claims brought under the Parity Act. *See Randall R. v. Regence Blue Cross Blue Shield of Utah*, No. 2:18-cv-00381, 2020 U.S. Dist. LEXIS 4587, at *4–5 (D. Utah Jan. 9, 2020) (unpublished) (granting motion to conduct discovery on Parity Act claim); *Timothy D. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-00753, 2019 U.S. Dist. LEXIS 100388, at *12 (D. Utah June 14, 2019) (unpublished) ("The nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and substance abuse disorders and treatment for medical/surgical conditions."); *Melissa P. v. Aetna Life Ins. Co.*, No. 2:18-cv-00216, 2018 U.S. Dist. LEXIS 216775, at *10 (D. Utah Dec. 26, 2018) (unpublished) (indicating that "[d]iscovery will allow [plaintiff] to learn and compare the processes, strategies, evidentiary standards, and other factors [defendant] used for sub-acute care in both realms"). The reasoning of these cases is persuasive and applicable here.

### 2. Extra-Record Discovery Is Necessary on the Parity Act Claim

Further, limiting discovery to the prelitigation appeal record would be inconsistent with both the purpose of the Parity Act and its implementing regulations.

The Parity Act "prevents insurance providers from writing or *enforcing* group health plans in a way that treats mental and medical health claims differently." *Christine S. v. Blue Cross Blue Shield of N.M.*, 428 F. Supp. 3d 1209, 1219 (D. Utah 2019) (emphasis added) (internal quotations omitted). Violations of the Parity Act can arise from the plan documents "as written and in operation." 29 C.F.R. § 2590.712(c)(4)(i).

The Parity Act's implementing regulations prohibit quantitative and nonquantitative limits on mental health and substance abuse disorder benefits that are more restrictive than those in place for medical/surgical benefits. *See* 29 C.F.R. § 2590.712(c). Examples of nonquantitative limits identified in the Parity Act's implementing regulations include "[r]estrictions based on geographic location, facility type, provider specialty, and other criteria that limit the scope and duration of benefits for services provided under the plan or coverage." *Id.* § 2590.712(c)(4)(ii)(H). Notably, Parity Act regulations provide for a plan administrator's required disclosures to include documents allowing for a meaningful analysis of the "processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan." *Id.* § 2590.712(d)(3).

Limiting discovery to the plan documents and prelitigation appeal record, as UHC proposes, will improperly hamstring the S. Plaintiffs' ability to prove a violation of the Parity Act as applied. *See Christine S.*, 428 F. Supp. 3d at 1219 ("[P]laintiffs often must plead 'as-applied' challenges to enforce their Parity Act rights when a disparity in benefits criteria does not exist on the face of the plan."). By their nature, documents and information about the factors, processes, standards, and strategies used to limit coverage could reasonably be expected to exist outside Plan documents. The prelitigation appeal record is unlikely to include analogous medical or surgical treatment documents necessary to litigate a Parity Act claim because S.S. was only treated for mental health and substance abuse disorders. Extra-record discovery is necessary to evaluate whether the Plan treats mental health and substance abuse claims differently than medical/surgical claims, as the S. Plaintiffs allege. For these reasons, the court will permit extra-record discovery on the S. Plaintiffs' Parity Act claim.

### B. Objections Regarding Relevance, Scope, and Proportionality

UHC also objects to the relevance, scope, and proportionality of the S. Plaintiffs' discovery requests. (Def.'s Suppl. Br. 6–11, Doc. No. 53.) The court addresses each of these objections below.

#### 1. Limitations as to Time Period and Plan

UHC argues the S. Plaintiffs' requests are overly broad because they are not limited to the time period of S.S.'s treatment or to the insurance plan at issue. (Def.'s Suppl. Br. 7–8, Doc. No. 53.) At the hearing, the S. Plaintiffs agreed to limit their requests to the dates of treatment—specifically, July 15, 2015 to February 28, 2017—and to the Plan at issue. Consistent with this, UHC may limit its responses to the time period of treatment and the Plan at issue.

#### 2. Requests for Admission

UHC objected to the requests for admission as argumentative and conclusory, but also provided substantive responses to the requests. (*See* Ex. B to Mot., Def.'s Resp. to Pls.' First Req. for Admis., Doc. No. 46-2 at 2–11.) Although the S. Plaintiffs' motion to compel claimed these responses were incomplete, (Mot. 1–2, Doc. No. 46), the S. Plaintiffs conceded at the hearing that UHC adequately responded to their requests for admission. Accordingly, no further response from UHC to the requests for admission is necessary.

#### 3. Analogous Medical/Surgical Facilities

UHC objects to the discovery requests concerning inpatient hospice care and rehabilitation facilities, arguing these facilities are not analogous to the wilderness therapy and residential treatment programs where S.S. received treatment. (Def.'s Suppl. Br. 8–9, Doc. No. 53.) UHC contends the requests should be limited to skilled nursing facilities because the order denying the motion to dismiss the Parity Act claim referred specifically to skilled nursing

7

facilities as the medical analogue identified in the S. Plaintiffs' complaint.  (*Id.* (citing Mem. Dec. and Order 9–10, Doc. No. 29).)  In response, the S. Plaintiffs contend the appropriate comparison when identifying analogous medical/surgical care is not the type of treatment, but the level of care—specifically, inpatient, outpatient, or intermediate levels of care.  (Pls.' Reply 8–10, Doc. No. 55.)  The S. Plaintiffs argue discovery related to hospice and rehabilitation facilities is relevant because these facilities fall within an intermediate level of care, as do the residential and wilderness treatment programs at issue in this case.  (*Id.* at 9–10.)

As an initial matter, the court's order on UHC's motion to dismiss in no way limits the scope of discovery to skilled nursing facilities.  In finding the complaint sufficient to state a claim under the Parity Act, the district judge concluded the S. Plaintiffs "adequately allege[d] S.S.'s residential mental health treatment at Open Sky and Catalyst is analogous to medical health treatment at a skilled nursing facility."[2]  (Mem. Dec. and Order 9, Doc. No. 29 (citing Compl. ¶¶ 56, 67, Doc. No. 2).)  That the court found this allegation to be sufficiently pleaded says nothing about whether hospice and rehabilitation facilities are sufficiently analogous for discovery purposes.  The district judge did not specifically mention the allegations regarding hospice or rehabilitation facilities, nor did he expressly limit the scope of the S. Plaintiffs' Parity Act claim to skilled nursing facilities.  UHC's argument that the order on the motion to dismiss limits the scope of discovery on the Parity Act claim is unsupported by the order itself.

---

[2] One paragraph of the complaint the district judge cited alleges skilled nursing facilities, inpatient hospice, and rehabilitation facilities are all analogous to S.S.'s mental health treatment programs, and makes identical allegations with respect to all three types of medical facilities.  (*See* Compl. ¶ 67, Doc. No. 2 ("Comparable benefits offered by the Plan for medical/surgical treatment analogous to the benefits the Plan excluded for S.'s treatment include sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities.").)

The scope of discovery allowable under the Federal Rules of Civil Procedure is broad. Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This provision comfortably encompasses the S. Plaintiffs' discovery requests concerning inpatient hospice care and rehabilitation facilities.

To prevail on the Parity Act claim, the S. Plaintiffs must show "the mental health or substance use disorder benefit being limited is in the same classification as the medical/surgical benefit to which it is being compared." *Michael D. v. Anthem Health Plans of Ky., Inc.*, 369 F. Supp. 3d 1159, 1174 (D. Utah 2019) (internal quotations omitted). The Parity Act regulations list six classifications: (1) inpatient, in-network; (2) inpatient, out-of-network; (3) outpatient, in-network; (4) outpatient, out-of-network; (5) emergency care; and (6) prescription drugs. *See* 29 C.F.R. § 2590.712(c)(2)(ii)(A)(1)–(6). For purposes of identifying analogous medical/surgical benefits, other judges have recognized the relevant comparison as the level of care, not the type of treatment. *See Johnathan Z. v. Oxford Health Plans*, No. 2:18-cv-00383, 2020 U.S. Dist. LEXIS 21968, at *43 (D. Utah Feb. 7, 2020) (unpublished); *Michael D.*, 369 F. Supp. 3d at 1173, 1175. Applying this framework, multiple judges in this district have concluded skilled nursing, inpatient hospice, and rehabilitation facilities provide a level of care analogous to wilderness therapy and residential mental health programs. *See, e.g.*, *Johnathan Z.*, 2020 U.S. Dist. LEXIS 21968, at *44–45; *Michael W. v. United Behavioral Health*, 420 F. Supp. 3d 1207, 1236–38 (D. Utah 2019); *K.H.B. v. UnitedHealthcare Ins. Co.*, No. 2:18-cv-00795, 2019 U.S. Dist. LEXIS 167183, at *71–73 (D. Utah Sept. 27, 2019) (unpublished); *Timothy D. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-00753, 2019 U.S. Dist. LEXIS 100388, at *12 (D. Utah June 14, 2019) (unpublished).

As these cases and the framework of the Parity Act make clear, discovery regarding inpatient hospice and rehabilitation facilities is relevant to the S. Plaintiffs' Parity Act claim. Based on the level of care provided at such facilities, the facilities are sufficiently analogous to the residential and wilderness treatment programs at issue in this case to fall within the scope of discovery.[3] For these reasons, the court orders UHC to respond to the S. Plaintiffs' discovery requests regarding inpatient hospice and rehabilitation facilities.

### 4. Confidential and Proprietary Information

Finally, UHC argues some of the requested documents are confidential, proprietary, business sensitive, and intended for internal use only. (Def.'s Suppl. Br. 9–10, Doc. No. 53.) At the hearing, the parties agreed to meet and confer regarding producing the documents at issue pursuant to a protective order. If the parties are unable to resolve this issue after making good-faith, reasonable efforts to meet and confer, the parties may bring the dispute before the court by filing a new short form discovery motion or a motion for protective order, as appropriate.

## CONCLUSION

For the reasons set forth above, the court GRANTS the motion to compel (Doc. No. 46) and ORDERS UHC to supplement its responses to the S. Plaintiffs' interrogatories and requests for production of documents, including producing responsive documents outside of the

---

[3] The court need not and cannot determine, at this stage, whether those facilities are sufficiently analogous to the mental treatment programs in this case to allow the S. Plaintiffs to prevail on the merits of their claim. The court merely determines that the S. Plaintiffs' requests related to inpatient hospice and rehabilitation facilities fall within the scope of discovery under Rule 26(b).

administrative record, subject to the limitations in this order and those agreed to by the S. Plaintiffs at the hearing.

DATED this 30th day of September, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

11